UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

JJMM International Corporation,                     Case No.: 11-76540-ast
                                                    Chapter 11
                      Debtor.
------------------------------------------------------X

## DECISION AND ORDER DESIGNATING DEBTOR A SINGLE ASSET REAL ESTATE DEBTOR PURSUANT TO 11 U.S.C. § 101(51B)

Before the Court is a motion by Asia Bank, N.A. ("Asia Bank") to designate the debtor, JJMM International Corporation (the "Debtor"), a "single asset real estate" ("SARE") debtor pursuant to 11 U.S.C. § 101(51B) (the "Motion"). [dkt item 19]  Debtor filed opposition to the SARE designation. [dkt item 22]  For the reasons stated below, Debtor is designated a single asset real estate debtor under § 101(51B) as of the date of this Decision and Order.

### Background and Procedural History

Debtor filed a petition (the "Petition") for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on September 14, 2011.[1]  On the Petition, Debtor indicated that the nature of its business is "Other" and that it is not a "Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)." [dkt item 1]

Debtor filed its schedules on October 11, 2011. [dkt item 13]  Schedule A, "Real Property," lists three contiguous parcels of real property owned by Debtor: 115 W. Jericho Turnpike, 117 W. Jericho Turnpike and 95 W. Jericho Turnpike in Huntington Station, New York (the "Property").[2]  The Property is subject to a first mortgage in favor of Asia Bank, N.A. ("Asia Bank"). Schedule B lists Debtor's personal property as an insurance policy, cash on hand

---

[1] Debtor filed a prior Chapter 11 petition, case number 10-77611-ast, which was dismissed on February 18, 2011, and closed on March 7, 2011.
[2] Debtor uses the singular term "Property" in its papers to describe the Property, which is comprised of three contiguous parcels. Therefore, the Court will also use the singular term "Property."

1

of $2,000, two bank accounts totaling $1,186, security deposits, and $300 in office equipment. Schedule G, "Executory Contracts and Unexpired Leases," lists two commercial leases, one with JM Yummy Foods, Inc. ("Yummy Foods") and one with Dream Tree Academy ("Dream Tree" and together with Yummy Foods, the "Lessees").[3] Yummy Foods operates an Asian restaurant and takeout stand, and Dream Tree operates an academic preparatory school on the Property.[4] Debtor's schedules list no other assets.

On November 28, 2011, Asia Bank filed a motion seeking either relief from the automatic stay pursuant to 11 U.S.C. § 362(d), or to convert Debtor to a "Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)." [dkt item 19]

Debtor filed an affirmation in opposition to the Motion on January 7, 2012 (the "Opposition"). [dkt item 22] With respect to the SARE designation, Debtor argues that its case is a "hybrid asset case" because Debtor's principal, Moae Chae ("Ms. Chae"), also "owns" the two Lessees, meaning that Ms. Chae owns the two non-debtor entities that operate businesses on the premises which they lease from Debtor. Debtor asserts that "Moae Chae and the Debtor are *sui generis* and have control of the operations of both Yummy Foods and Dream Tree Academy." [dkt item 22, at ¶ 14] Debtor also asserts that it is engaged in "substantial business" other than operating its Property because its Lessees operate businesses on the premises and because Ms. Chae controls Debtor and the two Lessees. However, Debtor admits that "the Property is technically its sole asset" and that leasing the Property is Debtor's only source of income. [dkt item 22, at ¶ 12]

A hearing on the Motion was held on January 11, 2012 (the "Hearing"). At the Hearing, Debtor's counsel argued that Debtor is not a SARE because of Ms. Chae's common ownership

---

[3] Neither Yummy Foods nor Dream Tree filed a petition for relief under the Bankruptcy Code.

[4] The pleadings do not address whether the Lessees conduct their activities on separate parcels, or whether the Lessees' activities cross parcel boundary lines.

of Debtor and the Lessees, and because of the business activities conducted on the Property by the non-debtor Lessees. However, Debtor's counsel acknowledged that Debtor's only asset is the Property, Debtor does not legally own or control the two Lessee entities, and Debtor itself is not engaged in any substantial business other than owning and leasing the Property.

At the conclusion of the Hearing, the Court took the SARE designation under submission and set a deadline of January 25, 2012, for the parties to file additional briefing on the SARE designation.[5] No additional briefing was filed.

## Discussion

The Bankruptcy Code defines "single asset real estate" as:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B) (2011) (emphasis added). The Property at issue here is commercial real property. Debtor acknowledged at the Hearing and in its Opposition that substantially all its gross income is derived from leasing the Property to the two non-debtor Lessees. Debtor is not a family farmer, and Debtor conceded at the Hearing that it is not engaged in substantial business other than passively owning and leasing the Property and activities incident thereto. While the Lessees, which like Debtor are controlled by Ms. Chae, do engage in activities other than owning and operating real property, Debtor has not alleged that it owns or controls the Lessees.

The only remaining question, then, is whether the Property constitutes "a single property or project." Neither party directly addressed this issue in its pleadings. Case law has treated the question of whether real property constitutes a single property or project as a question of fact.

---

[5] At the conclusion of the Hearing, the Court also scheduled an evidentiary hearing on the value of Debtor's Property for March 19, 2012.

*See*, *e.g.*, *In re Vargas Realty Enter., Inc.*, 2009 WL 2929258, at *4-5 (Bankr. S.D.N.Y. July 23, 2009); *In re WEBB MTN, LLC*, 2008 WL 656271, at *4-5 (Bankr. E.D. Tenn. March 6, 2008); *In re Club Golf Partners, L.P.*, 2007 WL 1176010, at *1, 5 (E.D. Tex. Feb. 15, 2007).

When, as in this case, a property is comprised of multiple parcels, courts generally apply the "single project" prong to determine if the property satisfies the definition of a SARE. For a property or properties to constitute a single project, common ownership alone is not sufficient; the debtor must also have a common plan or purpose for the property. *Compare Vargas Realty*, 2009 WL 2929258, at *4-5 (four related entities, all owned by one person, and each of which operated one residential apartment building on adjacent parcels, comprised a single project); *WEBB MTN*, 2008 WL 656271, at *4 (five adjacent undeveloped parcels were a single project, even though debtor planned to construct two golf courses, a luxury hotel, convention center, spa, retail center, and residences on the property, because debtor planned to develop them as one large resort); and *Club Golf Partners*, 2007 WL 1176010, at *1, 5 (golf course engaged in numerous commercial activities, including selling food and merchandise, constituted a single project); *with In re The McGreals*, 201 B.R. 736, 742-43 (Bankr. E.D. Pa. 1996) (two adjacent parcels were not a single project where debtor leased one parcel but left the other parcel as "raw land" and where debtor had no plans to combine the parcels for a unitary purpose).

Here, Debtor's Property is comprised of three contiguous parcels which are operated as one project. The Property is Debtor's only substantial asset, and Debtor is engaged in no other substantial activity other than leasing the Property to two tenants that appear to be wholly owned by Debtor's principal, Ms. Chae. Thus, Debtor's common plan for the three parcels that make up its Property is essentially to serve as landlord to Yummy Foods and Dream Tree, the two entities that actually operate Ms. Chae's businesses.

The fact that Debtor's tenants operate very different businesses[6] does not alter the single project analysis. The focus is not, as Debtor seeks to place it, on the business activities of its tenants. In fact, the definition of SARE in 11 U.S.C. § 101(51B) takes no account of the business activities of a debtor's tenants, and those activities are irrelevant to determining whether a property constitutes a SARE. Instead, the question is whether the debtor treats its property as a single project or property by virtue of a common plan or purpose. *WEBB MTN*, 2008 WL 656271, at *4; *Club Golf Partners*, 2007 WL 1176010, at *1.[7] As stated above, the Court has determined that Debtor's common plan for its Property is simply to hold title to the Property and to lease it to two related entities.

Further, because only one entity, the Debtor, holds title to the Property at issue here, the determination that the Property is a single project is not complicated by multiple entities holding title to the parcels that comprise the single property or project. *See In re Amagansett Family Farm, Inc., et al.*, 11-73929-ast (Bankr. E.D.N.Y. Oct. 25, 2011) (three adjacent parcels owned by related entities constituted a SARE); *Vargas Realty*, 2009 WL 2929258, at *4-5 (four residential apartment buildings with more than four units, each of which was owned by one of four related entities, constituted a SARE). Here, the Court is presented with just one entity, Debtor, which has a common plan of owning and leasing its Property to related entities that actually operate Ms. Chae's business activities. Therefore, the single project or property element of the definition of SARE in 11 U.S.C. § 101(51B) is satisfied.

Based upon the Petition, Debtor's admissions at the Hearing and in the Opposition, and the other evidence before it, this Court has determined that Debtor's Property is commercial real

---

[6] Yummy Foods operates an Asian restaurant and takeout, while Dream Tree operates an academic preparatory school.

[7] The courts in both *WEBB MTN* and *Club Golf* ultimately concluded that the debtors were not SARE debtors because they were engaged in substantial business activities other than operating the property. 2008 WL 656271, at *6; 2007 WL 1176010, at *6. As noted above, that issue is not present in this case.

property constituting a single property or project; that Debtor derives substantially all its gross income from leasing the Property; and that Debtor is engaged in no substantial business activity other than operating its Property and activities incident thereto. Therefore, Debtor's Property satisfies the definition of "single asset real estate" in § 101(51B). *See In re Amagansett Family Farm, Inc., et al.*, 11-73929-ast (Bankr. E.D.N.Y. Oct. 25, 2011); *In re 68 W. 127 St.*, LLC, 285 B.R. 838, 842 (Bankr. S.D.N.Y. 2002); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 321 (Bankr. S.D.N.Y. 2001).

### Ruling

Based upon the forgoing, it is hereby

**ORDERED**, that as of the date of the signing of this Order, the Debtor is hereby designated a single asset real estate debtor pursuant to 11 U.S.C. § 101(51B); and it is further

**ORDERED**, that Debtor and Asia Bank shall appear at the evidentiary hearing on **March 19, 2012, at 10:00 a.m.** for the purpose of determining the value of Debtor's Property.



Dated: February 15, 2012  
Central Islip, New York

Alan S. Trust  
United States Bankruptcy Judge