```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK:
CENTRAL ISLIP DIVISION:
-----------------------------------------------------------------x
                                                   :
In re:                                             :      Chapter 11
                                                   :
JJMM INTERNATIONAL CORPORATION,                    :      Case No. 8-11-76540
                                                   :
              Debtor.                              :
                                                   :
-----------------------------------------------------------------x
```

## DEBTOR'S
## PLAN OF REORGANIZATION

JJMM INTERNATIONAL CORPORATION, Debtor-in- Possession (the "Debtor"), hereby proposes this Chapter 11 Plan of Reorganization (the "Plan") pursuant to section 1121(b) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

## ARTICLE 1

## DEFINITIONS

1.1   Defined Terms.   For the purpose of this Plan, each of the terms set forth in this Article 1 shall have the meaning ascribed thereto below and such meaning shall be equally applicable to the singular and plural forms of the terms defined.

All of the definitions and provisions contained in this Article 1 are and shall be regarded as integral, substantive and operative provisions of this Plan.

1.2   Other Terms.   A term that is used in the Plan and not defined herein, but that is defined in the Bankruptcy Code or in the Federal Rules of Bankruptcy Procedure, shall have the

meaning set forth therein. Any reference contained in this Plan to a particular exhibit, paragraph or Article shall be deemed to be a reference to an exhibit, paragraph or Article of this Plan.

1.3     Rules of Construction. The rules of construction set forth in section 102 of the Bankruptcy Code shall be applicable to all of the provisions of this Plan. Without in any way limiting the foregoing, as used in this Plan, the words "includes" and "including" are without limitation.

1.4     "Administrative Claim" shall mean any cost or expense of administration of the Case allowed under sections 503(b) and 507(a)(1) and (b) of the Bankruptcy Code, including all allowances of compensation or reimbursement of expenses to the extent Allowed by the Bankruptcy Court upon entry of a Final Order under section 330 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and any fees or charges assessed against the Debtor's estate under 28 U.S.C. §1930.

1.5     "Allowed" when used as an adjective preceding the word "Claim" or "Equity Interest", shall mean any Claim or Equity Interest in the Debtor:

      a.    in respect of which a proof of claim or interest has been filed with the Bankruptcy Court on or before the Bar Date and as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Final Order or this Plan;

      b.    which has been or hereafter is scheduled by the Debtor in accordance with section 1106(a)(2) of the Bankruptcy Code as liquidated in amount and that is not disputed or contingent as to amount, as to which no objection to

        the allowance thereof has been interposed within any applicable period of limitation;

c.    as to which any such objection has been interposed, to the extent such Claim or Equity Interest has been allowed by a Final Order; or,

d.    any Claim or Equity Interest specifically identified in this Plan as an Allowed Claim or an Allowed Equity Interest.

1.6    "Allowed Priority Claim" shall mean the portion of an Allowed Claim entitled to priority under section 507(a) of the Bankruptcy Code.

1.7    "Allowed Secured Claim" shall mean an Allowed Claim to the extent that such Claim is secured by a lien on property of the Debtor.

1.8    "Assets" shall mean the Property and all other property (real or personal, tangible or intangible), rights and interests of the Debtor to be transferred pursuant to the terms of this Plan.

1.9    "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as amended, and in effect on the date of this Plan and set forth in Chapter 11 of Title 11 of the United States Code.

1.10    "Bar Date" shall mean as the last date fixed by Final Order of the Bankruptcy Court for filing proofs of claim or interests in this Chapter 11 case.

1.11    "Business Day" shall mean any day on which commercial lenders are open for business in New York, New York.

1.12    "Case" shall mean the Debtor's case under chapter 11 of the Bankruptcy Code, Chapter 11 Case No. 8-11-76540, which was commenced by the filing of a voluntary petition with the Bankruptcy Court on the Petition Date.

1.13    "Cash", shall mean, with respect to payment under the Plan, lawful currency of the United States of America, regular check, certified check, bank check or wire transfer from a domestic bank.

1.14    "Claim" shall mean a claim against the Debtor as defined in section 101(5) of the Bankruptcy Code.

1.15    "Confirmation Date" shall mean the date on which conditions to confirmation are either satisfied or waived in accordance with the terms of this Plan and the Confirmation Order.

1.16    "Confirmation Order" shall mean the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code

1.17    "Consummation Date" shall mean the date when all payments under the Plan have been made and all of the Debtor's assets have been administered.

1.18    "Contested or Disputed Claim" shall mean a claim that is not an Allowed Claim.

1.19    "Court" or "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of New York, Central Islip Division, and any appellate or other court that is competent to exercise jurisdiction over any matter or proceeding arising in or relating to this Chapter 11 case.

1.20    "Debtor" shall mean JJMM International Corporation incorporated in the State of New York and the Debtor-in- Possession in this Chapter 11 case.

1.21    "Disbursing Agents" shall mean John Chae and James E. Hurley, Jr., Esq. of Law Offices of James E. Hurley, Jr. PLLC, Counsel to the Debtor, and any successors thereafter appointed by a Final Order for the purpose of making distributions under the Plan.

1.22    "Disputed Claim Reserve" shall mean an amount sufficient to pay the distribution to which the amount of a Contested Claim is entitled under this Plan, to be held by the Disbursing Agent until the claim becomes an Allowed Claim.

1.23    "Effective Date" shall mean the tenth (10) day after entry of the Confirmation Order of the Bankruptcy Court confirming the Plan is a final order, and if an appeal is pending there shall be no order entered staying the final order. The Debtor will consummate the Plan within ten (10) days after entry of the Confirmation Order becomes final.

1.24    "Enjoined Entities" shall mean each holder of a Claim, each party in interest, and each entity acting or purporting to act by, through, under or on behalf of any of the foregoing.

1.25    "Equity Interest" shall mean an "equity security", as that term is defined in section 101(16) of the Bankruptcy Code.

1.26    "Executory Contract" shall mean the type of agreement contemplated by the like term found in section 365 of the Bankruptcy Code.

1.27    "Federal Rules of Bankruptcy Procedure" shall mean the Federal Rules of Bankruptcy Procedure as in effect on the date of this Plan.

1.28    "Final Order" shall mean an order of the Court which shall not have been reversed, stayed, modified or amended and:

  a. the time to appeal from or to seek review or rehearing of same shall have expired;

  b. no appeal, review, certiorari or rehearing is pending; and,

  c. the order has become conclusive of all matters adjudicated and is in full force and effect.

 1.29 "<u>Liens</u>" shall mean any and all liens, security interests, encumbrances, mortgages, pledges, restrictions, charges, instruments, licenses, encroachments, options, rights-of-recovery, judgments, orders and decrees of any court or governmental entity, interests, products, tax (including state and local taxes with respect to real estate) and any other liabilities, claims, causes of action and all claims of any kind or nature, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, material or non-material, known or unknown.

 1.30 "<u>Petition Date</u>" shall mean September 14, 2012, the date on which the Debtor filed its voluntary petition under chapter 11 of the Code.

 1.31 "<u>Plan</u>" shall mean this Plan of Reorganization proposed and filed by the Debtor, including any exhibits hereto (which exhibits are hereby expressly incorporated in this Plan by reference as if set forth herein in their entirety), and any amendments, modifications or corrections to this Plan.

1.32 "Post-Petition Cash" shall mean (i) any and all sums generated from the collection of claims of the Debtor, from and after the Petition Date; and/or (ii) the net proceeds from the sale of the Properties as defined herein.

1.33 "Proceeds of Sale" shall mean (i) any and all sums in the possession, custody or control of the Debtor, that are attributable to the Debtor's sale of the Properties which shall be delivered to the Disbursing Agents on or prior to the Confirmation Date for distribution in accordance with the provisions of this Plan.

1.34 "Priority Claim" shall mean any claim entitled to priority in accordance with section 507 of the Bankruptcy Code other than an Administrative claim

1.35 "Professional Fees" shall mean all fees, costs and expenses incurred in the Case by any professional person (within the meaning of sections 327 or 1103 of the Bankruptcy Code or otherwise), retained by an order of the Bankruptcy Court, which fees, costs, and expenses shall have been awarded by Final order of the Bankruptcy Court pursuant to sections 330 or 503 (b) of the Bankruptcy Code, and shall include post confirmation awards by the Bankruptcy Court of fees and/or expenses of professional persons.

1.36 "The Properties" shall mean all the Debtor's right(s) title and interest in improved real properties situate and located in 115 W. Jericho Turnpike, 117 W. Jericho Turnpike and 95 West Jericho Turnpike (the "Properties").

1.37 "Reserves" shall mean the monies escrowed by the Debtor to pay any accrued interest on taxes to the Internal Revenue Service, New York State Department of Taxation and

Finance, quarterly fees to the Office of the U.S. Trustee and professional fees, which may arise after the effective date or for post-petition services.

1.38  "Retained Professionals" shall mean the professional entities which may be employed with the approval of the Bankruptcy Court under sections 327 and 1103 of the Bankruptcy Code.

1.39  "General Unsecured Claim or Unsecured Claim" shall mean a claim which is not secured by collateral and which is not entitled to a priority under section 507(a) of the Bankruptcy Code.

## ARTICLE 2

### CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

2.1  Classification of Allowed Claims and Equity Interests.

A Claim is in a particular class only to the extent that the Claim falls within the description of that class and is in a different class to the extent that the remainder of Claim falls within the description of such different class. In addition, a Claim or Equity Interest in a particular class is entitled to a distribution under the Plan only to the extent that the Claim or Equity Interest is Allowed.

| | |
|---|---|
| Class 1 -- | Administrative Claims |
| Class 2 -- | Secured Claims |
| Class 3 -- | Priority Claims |
| Class 4 -- | Unsecured Claims |
| Class 5 -- | Equity Interests |

2.2     <u>Impairment of Claims and Equity Interests</u>.  No Claims or Equity Interests are impaired under the Plan.

## ARTICLE 3

## <u>PROVISIONS FOR TREATMENT OF ADMINISTRATIVE CLAIMS</u>

3.1     <u>Classification</u>.  Class 1 shall consist of Administrative Claims.  Class 1 is not impaired.

3.2     <u>Allowance</u>.  An application for allowance or request to the Court for payment of an Administrative Claim incurred on, or prior to, the Confirmation Date shall be served on the appropriate parties in the Chapter 11 Case and filed with the Court on or before the date fixed by the Bankruptcy Court to file such applications or requests; provided, however, that no such request need be filed in the case of an Administrative Claim incurred under sections 363(c) and 364(a) of the Bankruptcy Code.

3.3     <u>Treatment</u>.  Each Allowed Administrative claim shall be satisfied and discharged, as follows:

> a.      With respect to the holder of an Allowed Administrative Claim by paying the holder thereof the Allowed amount of such Claim in Cash in full, on the later of the Effective Date or the date such claim becomes an Allowed Administrative Claim, unless paid prior thereto; and,
>
> b.      With respect to an Allowed Administrative Claim for Professional Fees, by paying the holder thereof the Allowed amount of such Claim in Cash,

in full, on or before the Effective Date upon application, notice and a hearing and Order of the Bankruptcy Court.

## ARTICLE 4

### PROVISIONS FOR TREATMENT OF SECURED CLAIMS

4.1     <u>Classification</u>.  Class 2 consists of Secured Claim.  Class 2 is not impaired.

4.2     <u>Treatment.</u>  Class 2 claimant, Asia Bank N.A., 135-11 Roosevelt Avenue, Flushing, New York 11354 shall receive the allowed amount of its claim(s) in cash in full, on the Effective Date.  Class 2 Claim(s) are unimpaired.

## ARTICLE 5

### PROVISIONS FOR TREATMENT OF PRIORITY CLAIMS

5.1     <u>Classification</u>.  Class 3 shall consist of Priority Claims.  Class 2 is not impaired.

5.2     <u>Treatment</u>.  Class 2 claimants shall receive the Allowed amount of such Claim in cash, in full, on the Effective Date of the Plan, unless paid prior thereto.

## ARTICLE 6

### PROVISIONS FOR TREATMENT OF UNSECURED CLAIMS

6.1     <u>Classification</u>.  Class 3 shall consist of all Unsecured Claims.  Class 3 is not impaired.

6.2     <u>Treatment</u>.  Class 3 Allowed Unsecured Claims shall receive payment in cash in full, on the Effective Date of the Plan.

## ARTICLE 7

### PROVISIONS FOR TREATMENT OF EQUITY INTERESTS

7.1    Classification.  Class 4 shall consist of the Equity Interest in the Debtor held by Moae Chae.

7.2    Treatment.  The Equity Interest shall receive no distribution under the Plan and shall retain her interest in the Debtor and any residual funds which remain after all creditors are paid in accordance with the provisions of the Plan.

## ARTICLE 8

### IMPLEMENTATION OF THE PLAN

8.1    Post-Petition Cash.  The Cash from the sale of the Properties, settlements of claims, recoveries on litigation, turnover of escrowed funds and Reserves shall fund the distributions.

8.2    Right to Object to and Settle Claims.  The Debtor shall have the right to file objections to Claims within such time as provided in the Confirmation Order.  The Debtor may settle any Contested Claim and such Contested Claim shall become an Allowed Claim upon entry of a Final Order approving such settlement.

8.3    Distribution Schedules.  Prior to Effective Date of the Plan, the Debtor shall prepare a Schedule of Distribution schedule with respect to each class of Claims.  The Schedule of Distribution shall list the Allowed Claims. As of the Effective Date, the Debtor shall have paid the Allowed Claims listed on the Schedule of Distribution and funded the Reserves under the Plan.

8.4     Post-Confirmation Professional Fees. The attorneys for the Debtor and its real estate broker, from time to time, provide professional services following the Confirmation Date. Post-confirmation Professional Fees shall be paid upon application therefore to the Bankruptcy Court. Such fees will be paid in amounts as may be fixed by the Bankruptcy Court from the Reserve established therefore.

8.5     Unclaimed Distributions. Any check in payment of a distribution that has not been negotiated after ninety (90) days following the date said distribution has been mailed to a Claimant shall be added to Post-Petition Cash and the holder of the Claim otherwise entitled to such distribution shall be automatically expunged from the distribution schedules.

## ARTICLE 9

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Pursuant to sections 1123 (b)(2) and 365 of the Bankruptcy Code and any applicable Federal Rule of Bankruptcy Procedure, all lease and executory contracts not expressly assumed and affirmed by the Debtor pursuant to a Final Order are deemed rejected and disaffirmed. Any claim resulting from the rejection of a lease or executory contract must be filed with the Bankruptcy Court and served on the Debtor and filed in the Court or the claim resulting therefrom shall be deemed waived and a nullity.

## ARTICLE 10

## DISCHARGE, INJUNCTIONS AND REVESTING

10.1    Discharge. Except as otherwise expressly provided in this Plan, on the Effective Date, the Debtor shall be discharged from all debts, and the Confirmation Order shall operate as

an injunction against, the commencement or continuation of any action or the employment of process to collect, offset or recover against the Debtor, any nominee, assignee or designee of any of the foregoing, and each of their respective agents, advisors, retained professionals, representatives, owners, officers, directors and other affiliates, or the Assets of any Claim or "debt" (as that term is defined in section 101(12) of the Bankruptcy Code), including Claim or "debt" against the Debtor or arising or asserted against the Assets and the Debtor's liability, any such Claim or "debt" or any recourse for any such Claim or "debt" against the Assets, whether or not a proof of claim is filed or deemed filed under section 501 of the Bankruptcy Code, such Claim is allowed under section 502 of the Bankruptcy Code or the holder of such claim has accepted the Plan, and whether or not such Claim is reduced to judgment, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, fixed or unfixed, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown, arises or may arise from any agreement of the Debtor entered into or obligation of the Debtor incurred before the Confirmation Date, or from any conduct of the Debtor prior to the Confirmation Date, or that otherwise arose before the Confirmation Date.

10.2    General Injunction.  Except as otherwise provided in this Plan, on the Effective Date, the Enjoined Entities shall forever be enjoined from the commencement or continuation in any manner, of any action or other proceeding of any kind, the employment of process, or any act to assert a Claim for relief against the Debtor, any nominee, assignee or designee of Debtor or any agents, advisors, retained professionals, representatives, owners, officers, directors and other affiliates, or the Assets, in respect of: (i) any actions taken prior to confirmation of the Plan; (ii)

the Plan; (iii) the authorization for or the formulation, negotiation, confirmation or consummation of the Plan; (iv) distributions, payments or transfers made under and in accordance with the provisions of the Plan; or (v) acts performed pursuant to the Plan, with the exception of the Enjoined Entities' enforcement of this Plan and any such Entities' gross negligence, breach of fiduciary duty or willful misconduct.

## ARTICLE 11

### CONDITIONS TO CONFIRMATION OF PLAN AND TO CONSUMMATION DATE

11.1     <u>Conditions to Confirmation</u>.  Confirmation of this Plan10.1 has either shall not occur unless each and every one of the conditions set forth in this paragraph 10.1 has either has either been satisfied or waived in accordance with paragraph 10.3.

        a.     The Confirmation Order shall have been entered; and,

        b.     It shall have been conclusively determined concurrently with the entry of the Confirmation Order that the Debtor's assets are sufficient to pay Class 1, 2, 3 and 4 claimants.

11.2     <u>Conditions to Consummation Date</u>.  Notwithstanding other provisions of this Plan or the Confirmation Order, the Consummation Date shall not occur unless each and every one of the conditions set forth in this paragraph 10.2 has been either satisfied or waived in accordance with paragraph 10.3.

        a.     The Confirmation Order shall have become a Final Order; and,

        b.     The Debtor shall have delivered the Post-Petition Cash to the Disbursing Agents prior to the Consummation Date.

# ARTICLE 12

## MISCELLANEOUS PROVISIONS

12.1 <u>Section Headings/Entire Plan</u>. The section headings contained in the Plan are inserted for convenience only and shall not affect in any way the meaning or interpretation of the Plan. This Plan shall constitute the entire Plan.

# ARTICLE 13

## RETENTION OF JURISDICTION

The Court shall have exclusive jurisdiction of matters arising out of the Case and the Plan pursuant to sections 105(a), 1127 and 1142(b) of the Bankruptcy Code for the following purposes:

- a. To determine any and all objections to Claims pending as of or initiated after the Confirmation Date;

- b. To hear and determine any and all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of this Plan or the Confirmation Order;

- c. To determine any and all applications for allowance of compensation or reimbursement of expenses as provided for herein for professional services and expenses in accordance with the provisions hereof;

- d. To determine any and all motions to assume, reject or assign an executory contract or unexpired lease, and determine and fix all claims that may arise

      in respect of the assumption, rejection, assignment or termination of any executory contract or unexpired lease pursuant to this plan;

e.     To determine any and all applications, adversary proceedings and contested and litigated matters pending as of Confirmation Date:

f.     To enforce and administer the provisions of the Plan, and to enter and implement such orders as may be appropriate in the event that the Confirmation Order is stayed, reversed, revoked or vacated for any reason;

g.     To consider any modification of this Plan under section 1127 of the Bankruptcy Code;

h.     To correct any defect, cure any omission or reconcile any inconsistency in the Plan or Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

i.     To enforce all orders, judgments, injunctions and rulings entered in connection with the Case and, to enter such orders as may be necessary or appropriate in aid of confirmation and to facilitate implementation of the Plan;

j.     To hear and determine all controversies as provided in the Confirmation Order;

k.     To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505, 105 and 1146(c) of the Bankruptcy Code;

l.  To hear and determine any action or proceeding brought by the Debtor under sections 329, 542, 543, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, whether such action or proceeding is brought before or after the Confirmation Date;

m.  To determine the validity, extent and priority of all Claims and Liens against Assets, Other Assets and the proceeds of all of the foregoing;

n.  To enforce any injunctions incorporated or set forth in this Plan; and,

o.  To enforce the rights and remedies of the Debtor under this Plan.

## ARTICLE 14

## SUBSTANTIAL CONSUMMATION

The Plan shall be "substantially consummated", within the meaning of sections 1101(2) and 1127(b) of the Bankruptcy Code on the Effective Date, it hereby being understood and agreed that substantial consummation shall not occur and shall not be deemed to have occurred unless and until all distributions under this Plan shall have been made.

## ARTICLE 15

## RESERVATION OF RIGHTS

In the event that this Plan is not confirmed, the rights of all parties in interest in the Chapter 11 Case shall be reserved in full.

Dated:  New York, New York
        March 8, 2012

                                **JJMM INTERNATIONAL CORPORATION**

                              By: /s/ Moae Chae
                                  Moae Chae